IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LUIS ARMANDO DELHORNO,

    Petitioner,                      No. CIV S-08-0473 GEB GGH P

    vs.

BEN CURRY, et al.,

    Respondents.                  FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is serving a sentence of 15 years to life, having been convicted of second degree murder, vehicular manslaughter, speeding, hit-and-run, starting a stopped vehicle when not safe to do so in Sacramento County Superior Court in 2003, with sentence imposed in January, 2004. Petition, pp. 1-2. According to respondent, before trial petitioner pled no contest to one count of hit-and-run involving death and one count of driving without a license. Motion to Dismiss, p. 1. His conviction at the following jury trial was for one count of second degree murder and one count of vehicular manslaughter; the jury found true, as a conduct enhancement, that petitioner had fled the scene of the crime. Id.

        Petitioner challenges his conviction on the following grounds: 1) prosecutorial misconduct violating petitioner's right to fair trial/due process when unqualified expert witness

1

offered previously undisclosed prejudicial opinion testimony at trial; 2) trial court error when petitioner's trial counsel's motion for a mistrial based on ground one was denied; 3) prosecution argued facts not in evidence in closing argument in violation of right to due process; 4) ineffective assistance of appellate counsel by counsel's failure to raise grounds one through three on appeal.  Petition, pp. 4-5, 9-40.

Motion to Dismiss

Pending before the court is respondent's motion to dismiss (MTD) the petition on the ground that petitioner failed to file the petition timely.  The statute of limitations for federal habeas corpus petitions is set forth in 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

After the conviction was affirmed by the state court of appeal, petitioner filed a petition for review in the state supreme court which was denied on 12/14/05.  MTD, p. 3; Lodged Document (Lod. Doc.) 1.  As respondent contends (MTD, p. 4), petitioner's conviction then became final on 3/14/06, ninety days after the state supreme court denied petitioner's petition for review on direct appeal.  See Cal. Rules of Court, Rule 8.308(a) (former Rule 31); Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999) ("holding] that the period of 'direct review' in 28

1  U.S.C. § 2244(d)(1)(A) includes the [ninety-day] period within which a petitioner can file a
2  petition for a writ of certiorari with the United States Supreme Court, whether or not the
3  petitioner actually files such a petition.")  The statute of limitations began to run the next day, on
4  3/15/06.  Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).  Therefore, absent applicable
5  tolling, the one-year limitations period would have expired as of 3/14/07.
6           28 U.S.C. § 2244(d)(2) provides that the time during which a properly filed
7  application for state post-conviction or other collateral review with respect to the pertinent
8  judgment or claim is pending shall not be counted toward any period of limitation under this
9  section, as respondent acknowledges.  MTD, p. 4.
10          Petitioner filed his first state habeas corpus petition, stamped filed as of 3/14/07,
11 which was the last day of the AEDPA limitations period.  MTD, p. 4; Lod. Doc. 2.  Respondent
12 submits as Lod. Doc. 3, the superior court's decision denying the petition, which is dated
13 4/24/07.  As to the second habeas petition, directed to the state court of appeals, respondent
14 submits only a California 3rd District Court of Appeal court case docket print-out (essentially
15 unauthenticated), which appears to show that petitioner's habeas application in that court was
16 filed on 6/18/07, and denied on 6/28/07.  Lod. Doc. 4.  A similar case docket print-out is
17 submitted to show that petitioner's habeas petition to the state supreme court was docketed as
18 filed on 8/20/07, and denied on 2/13/08.  Lod. Doc. 5.  The petition filed in this court is file-
19 stamped to indicate it was filed on 2/29/08.
20          Respondent acknowledges that the superior court habeas petition shows petitioner
21 dated the petition 2/12/07, more than a month before the 3/14/07 projected AEDPA deadline.
22 MTD, pp. 4-5.  Respondent correctly notes that petitioner did not actually provide a proof of
23 service; on the other hand, at the time of filing the motion, respondent, in light of the mailbox
24 rule, acknowledges that respondent's requests for any records of state court or prison mailing
25 /endorsed proofs service had not yet been received and may not exist, but that the motion had
26 been "filed to preserve the affirmative defense."  Id., & fn.3.

1    The mailbox rule dates a petition as filed upon its delivery by a pro se prisoner to
2 prison authorities. Houston v. Lack, 487 U.S. 266, 275-76, 108 S. Ct. 2379, 2385 (1988).
3 Stillman v. Lamarque, 319 F.3d 1199, 1201 (9th Cir. 2003) (mailbox rule applies to pro se
4 prisoner who delivers habeas petition to prison officials for the court within limitations period).
5 In his opposition to the motion, petitioner in an unsigned declaration seeks to attest to the method
6 of legal mail processing at Correctional Training Facility-Soledad (CTF), setting forth that legal
7 mail is delivered to the sallyport officer, who inspects it to make sure there is no contraband; the
8 envelope is then sealed by the inmate, after which the officer signs and dates the envelope and
9 reseals it with clear tape over his signature and the date, and places it in a designated "legal mail
10 box." Petitioner's "Declaration" (ptn. Dec.) in Opposition (Opp.), ¶¶ 2-7. Early the next
11 morning the mail is delivered to the CTF mailroom, which logs all outgoing mail on the date it is
12 delivered to the U.S. Postal Service. Id., at ¶¶ 7-8.

13    Petitioner further states that he did indeed cause the initial state court habeas
14 petition to be mailed, according to the procedure he describes, on 2/12/07, contending that CTF
15 has problems with processing mail, asserting that the legal mail log records it as having been sent
16 out ten days later, on 2/22/07. Id., at ¶¶ 9-10. Unlike his own putative declaration, petitioner
17 submits the affidavit of another inmate, Armando Vincent Munoz, K-30296, which is signed
18 under penalty of perjury, as Exhibit A. Inmate Munoz declares that he is a porter, who when
19 petitioner was among a group of Hispanic inmates on lockdown on 2/12/07, Munoz, at plaintiff's
20 request delivered petitioner's legal mail package to the sallyport officer, named J. Nichols, which
21 included mail directed to the Sacramento County Superior Court, describing the procedures as
22 petitioner outlined them above. See Opp., Exh. A, Munoz Dec. Further, Exh. B to Opp,,
23 although not authenticated, does appear to be a copy of a mail log showing that plaintiff sent mail
24 to the superior court on 2/22/07 (third state court habeas petition). The same log also shows
25 mail from petitioner was outgoing, on 8/17/08, to the state supreme court. Petitioner notes the
26 anomaly of the log not having recorded that he also mailed a petition to the state court of appeal

4

1 (second state court habeas petition), a fact which is not in issue, and further claims that he did not
2 receive the 2/13/08 denial of the state supreme court denial until 2/22/08.  Ptn. Dec., ¶¶ 12-13.

3       The instant petition was stamped as filed on 2/29/08, however, the court routinely
4 grants pro se petitioner's the benefit of the mailbox rule in the filing of their petitions.  In this
5 case, although as respondent notes, petitioner once again did not file a separate proof of service,
6 the petition is signed and dated 2/24/08 by petitioner, and petitioner even includes with the
7 petition his signed verification under penalty of perjury, also dated 2/24/08.  The log submitted
8 by petitioner in his opposition as his Exh. B, shows that the facility logged the outgoing mail to
9 this court on 2/27/08.

10       Petitioner's showing is adequate to demonstrate that he is entitled to the
11 application of the mailbox rule, with respect to the filing of his habeas petitions.  As to the initial
12 state court petition, the prison log shows that it was processed from the prison on 2/22/07.  If the
13 mailbox rule were applied to deem the petition filed from the date shown by his signature,
14 2/12/07, 335 days of the statute would have run by that time; if the petition filing is dated from
15 2/22/07, 345 days would have run before the AEDPA statute was tolled.  Respondent does not
16 contend that petitioner is not entitled to interval tolling for the periods of time when no petition
17 was pending, apparently because petitioner moved reasonably expeditiously up through the state
18 courts with his habeas filings.  MTD, p. 5; see Opp., pp. 5-6.  In citing Pace v. DiGuglielmo, 544
19 U.S. 408, 410, 125 S. Ct. 1807 (2005), where the Supreme Court quotes from § 2244(d)(2), that
20 the period of limitations is tolled while "a properly filed application for state post-conviction or
21 other collateral review with respect to the pertinent judgment or claim is pending," respondent
22 also notes that the time a petition is pending includes the intervals between a lower court's denial
23 and a filing in a higher court, so long as the filing in the higher court is timely under state law,
24 citing Carey v. Saffold, 536 U.S. 214, 122 S. Ct. 2134 (2002).  MTD, p. 5.  In doing so,
25 \\\\\
26 \\\\\

respondent concedes that "[a]ssuming that the habeas petition was properly filed, petitioner was entitled to tolling for the period the petition was pending in state court."[1] Id.

While respondent does contend that petitioner would have had to file his federal habeas application by 2/13/08 or 2/14/08, in order to be timely, this is only correct if the mailbox rule is not applied to the filing of the initial state court petition, an argument which this court rejects. When petitioner filed his initial petition on either 2/12/07 or 2/22/07, per the mailbox rule, tolling the statute from one of those dates, petitioner had either 30 days (365 minus 335 days) or 20 days (365 mine 345 days), respectively left to run on the statute. The state supreme court petition was denied on 2/13/08, which re-commenced the running of the statute. The petition in this court is deemed to have been filed either on 2/24/08 or 2/27/08, pursuant to application of the mailbox rule, at which point petitioner had either 30 or 20 days to file the instant petition to be statutorily timely. In either case, when the federal petition was filed, petitioner had a maximum of 19 days (30 minus 11 days) or a minimum of 6 days (20 minus 14 days) left to run in the one-year period. This court finds that the instant federal petition is timely under the applicable statute and that respondent's motion should be denied.

Accordingly, IT IS HEREBY RECOMMENDED that respondent's motion to dismiss the petition as barred by the AEDPA statute of limitations, filed on 8/07/08 (#19), be denied, and respondent be directed to file an answer within 30 days of adoption of these findings and recommendations, should that occur.

\\\\\

---

[1] Respondent did not submit any of the orders/decisions denying petitioner habeas relief at the state court level, except the superior court's order. However, the undersigned notes that within that order, wholly unreferenced by respondent on any substantive basis, the lower court relies on, inter alia, In re: Dixon, 41 Cal.2d 756, 759, 264 P.2d 513 (1953), finding the petition procedurally barred under Dixon. See Lod. Doc. 3. Perhaps respondent does not contend that petitioner is untimely under Pace, supra, for petitioner's state court application not having been properly filed because respondent did not have access to the orders denying petitioner's application at the higher court levels, such that it could be determined whether such denials were simply postcard denials. In any event, this court finds that respondent has waived any argument that petitioner was untimely under Pace.

1       These findings and recommendations are submitted to the United States District
2 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
3 days after being served with these findings and recommendations, any party may file written
4 objections with the court and serve a copy on all parties.  Such a document should be captioned
5 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
6 shall be served and filed within ten days after service of the objections.  The parties are advised
7 that failure to file objections within the specified time may waive the right to appeal the District
8 Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: 01/15/09

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
delh0473.mtd